1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    BEAR RIVER BAND OF                          No.  1:20-cv-01539-KES-SKO
      ROHNERVILLE RANCHERIA, a
12    federally recognized Indian Tribe,

13              Plaintiff,                         ORDER RE: DEFENDANTS' OBJECTION
                                                   TO PLAINTIFF'S BILL OF COSTS
14         v.
                                                   Docs. 101, 102
15    STATE OF CALIFORNIA, and
      GAVIN NEWSOM IN HIS
16    OFFICIAL CAPACITY AS
      GOVERNOR OF CALIFORNIA,
17
                Defendants.
18

19         After judgment was entered in plaintiff's favor in this matter, plaintiff submitted a

20    proposed bill of costs.  Doc. 101.  Defendants filed objections to plaintiff's bill of costs, asserting

21    that the costs associated with the parties' mediation pursuant to the Indian Gaming Regulatory

22    Act ("IGRA") are not taxable.[1]  Doc. 102; *see also* 25 U.S.C. § 2710(d)(7)(B)(iv).  Plaintiff filed

23    a response to defendants' objections, and defendants replied.  Docs. 103, 105.  As the mediation

24    costs are not taxable under applicable law, the Court grants in part and denies in part plaintiff's

25    requests for costs.  Specifically, the Court orders that when taxing and entering costs, the Clerk of

26

27    [1] Defendants' filing is entitled as a motion to strike costs and objection to plaintiff's bill of costs.
      Doc. 102.  On August 23, 2024, the Court issued a minute order construing defendants' motion as
28    specific objections to plaintiff's bill of costs pursuant to Local Rule 292(c).  Doc. 104.

                                                   1

1   the Court shall not tax the costs of the mediation against defendants.

2   **I.      BACKGROUND**

3          Plaintiff initiated this case on August 12, 2020.  Doc. 1.  On January 26, 2023, pursuant to

4   the parties' stipulation (Doc. 85), the Court entered summary judgment in plaintiff's favor and

5   ordered that the parties "proceed pursuant to the remedial process set forth in IGRA, 25 U.S.C.

6   § 2710(d)(7)(B)(iii)-(vii)."  Doc. 86.  In July 2023, pursuant to the parties' stipulation, the Court

7   appointed retired Arizona Supreme Court Justice Scott Bales to serve as a mediator pursuant to 25

8   U.S.C. § 2710(d)(7)(B)(iv).  *See* Docs. 90-93.  On July 3, 2024, the parties indicated that they had

9   completed the IGRA remedial process.  Doc. 98.  The Court entered judgment in plaintiff's favor

10  on July 10, 2024.  Doc. 100.  On July 19, 2024, plaintiff submitted a proposed bill of costs.

11  Doc. 92.  Although before the mediation began the parties agreed to split the mediation costs, *see*

12  Doc. 102-2, Ex. A, in its bill of costs plaintiff sought to tax its portion of the mediation costs.

13  Doc. 101 at 1.  In their objections to the proposed bill of costs, defendants object only to

14  plaintiff's inclusion of the mediation costs.  Doc. 102.

15  **II.     LEGAL STANDARD**

16         "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides

17  otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R.

18  Civ. P. 54(d).  Section 1920 of title 28 of the United States Code provides that a court may tax as

19  costs (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts

20  necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4)

21  fees for exemplification and the costs of making copies of any materials where the copies are

22  necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. section 1923; and

23  (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees,

24  expenses, and costs of special interpretation services under 28 U.S.C. section 1828.  28 U.S.C.

25  § 1920.  "[T]axable costs" are "modest" and "narrow [in] scope" and "are limited to relatively

26  minor, incidental expenses."  *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012).

27         The six categories of litigation expenses listed as taxable costs in section 1920 "define the

28  full extent of a federal court's power to shift litigation costs absent express statutory authority to

1    go further." *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340 (2019) (citation omitted).

2    Costs which are not explicitly enumerated in section 1920 but that are provided for by a court's

3    local rules are taxable only if such costs can be said to be "encompassed" by the provisions of

4    section 1920. *See Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 176-77 (9th Cir.

5    1990) (holding the cost of deposition copies is encompassed by 28 U.S.C. § 1920(2)'s allowance

6    (at the time) for "[f]ees of the court reporter for all or any part of the stenographic transcript

7    necessarily obtained for use in the case"); *see also Brisco-Wade v. Carnahan*, 297 F.3d 781, 782

8    (8th Cir. 2002) ("Assuming the district court was following a local rule in taxing the mediator's

9    fee against defendants, we conclude that the court lacked authority to do so given section 1920's

10   exhaustive list of what costs may be assessed.").

11   **III.    ANALYSIS/DISCUSSION**

12          Congress may expressly incorporate into a federal statute that costs be allowed to the

13   prevailing party, and indeed, may go further in the statute and allow for additional expenses, such

14   as attorneys' fees. *See Rimini St.*, 586 U.S. at 339.  However, Congress did not do so in IGRA.

15   IGRA makes no mention of costs, or any other expenses, to be allowed to the prevailing party.

16   *See* 25 U.S.C. § 2701 *et seq.*; *see also Chicken Ranch Rancheria of Me-Wuk Indians v.*

17   *California*, 65 F.4th 1145 (9th Cir. 2023) ("IGRA does not authorize fee shifting.").  Therefore, in

18   this case plaintiff is limited to recovering the costs provided for by section 1920.

19          Plaintiff does not contend that the mediation costs are allowed by section 1920.  Indeed,

20   the Ninth Circuit has expressly stated that "nothing in 28 U.S.C. § 1920 provides for the costs of a

21   mediator." *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054 (9th Cir.

22   2001).  Other circuits have held the same. *See Cook Children's Med. Ctr. v. New England PPO*

23   *Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 277 (5th Cir. 2007) (holding mediation fees not

24   taxable as costs under section 1920); *Brisco-Wade*, 297 F.3d at 782-83 (same).  Rather, plaintiff

25   argues that the costs are nonetheless taxable under Local Rule 292(f)(6) or Local Rule 292(f)(11).

26          Local Rule 292(f)(6) provides that the expenses related to a court-appointed master may

27   be taxed as costs.  Plaintiff's position is that, despite Congress's use of the word "mediator" to

28   describe the individual appointed pursuant to IGRA's remedial procedures, Bales should be

3

1    considered a court-appointed master, rather than a mediator, for purposes of taxing costs.

2    Plaintiff asserts that Bales' required duties were more analogous to those of a master than to those

3    of a mediator, arguing that Bales was not appointed to facilitate a voluntary resolution of the

4    parties' dispute through negotiations but rather to consider the proposed compacts each party

5    submitted and select the one that best comported with applicable law.  Doc. 103 at 3.

6            However, Congress chose to use the word "mediator" rather than "master" in IGRA, and

7    "respect for Congress's prerogatives as policymaker means carefully attending to the words it

8    chose rather than replacing them with others of [the court's choosing]".  *Murphy v. Smith*, 583

9    U.S. 220, 224 (2018).  Moreover, there are several distinctions between the appointment of a

10   mediator pursuant to IGRA's remedial process and the appointment of a master pursuant to

11   Federal Rule of Civil Procedure 53.  *Compare* IGRA *and* Fed. R. Civ. P. 53.  A mediator

12   appointed pursuant to IGRA performs a statutory function to review each party's proposed last

13   best offer for a compact, select the one that best comports with federal law, submit it to the

14   parties, and, if the State does not consent to the selected compact, notify the Secretary of the

15   Interior.

16          An IGRA mediator does not carry out the role of a court-appointed master as set out in

17   Federal Rule of Civil Procedure 53.  Rule 53 provides that, unless otherwise authorized by

18   statute, a master may be appointed only to "perform duties consented to by the parties;" "hold

19   trial proceedings and make or recommend findings of fact on issues to be decided without a jury

20   if appointment is warranted;" or "address pretrial and posttrial matters that cannot be effectively

21   and timely addressed by an available district judge or magistrate judge of the district."  Fed. R.

22   Civ. P. 53(a)(1).  These functions do not directly correspond to those of an IGRA mediator.

23   Rule 53 anticipates a court acting on an appointed master's order, report, or recommendations.

24   *See* Fed. R. Civ. P. 53(f).  It requires that the Court give the parties notice of such action, allows

25   time for the parties to file objections, and demands that all conclusions of law made or

26   recommended by a master be reviewed by the Court de novo.  *Id.*  In contrast, here, per IGRA,

27   the Court had no role regarding Bales' selection of which proposed compact best comported with

28   federal law and did not review Bales' decision.  As the State did not consent to Bales' selected

                                            4

1    compact, IGRA required Bales to notify the Secretary of the Interior for further proceedings.

2           Moreover, to the extent there is any similarity between the duties of an IGRA mediator

3    and a court-appointed master, section 1920 does not provide for the taxation of the costs of a

4    master, either.  Plaintiff may recover costs provided for by the Local Rules only if such costs are

5    fairly encompassed by section 1920.  *See Alflex Corp.*, 914 F.2d at 176-77.  Costs for a master are

6    not expressly taxable under section 1920.  *See* 28 U.S.C. § 1920.  Nor are they arguably

7    incorporated by any of the enumerated allowable costs.  The only section of 1920 that could

8    arguably "encompass" such a cost is section 1920(6)'s allowance for "compensation of court

9    appointed experts."  *Id.* § 1920(6).  However, the Ninth Circuit has rejected an interpretation of

10   this phrase that would include court-appointed masters.  *See Nat'l Org. for the Reform of*

11   *Marijuana L. v. Mullen*, 828 F.2d 536, 545 n.7 (9th Cir. 1987) ("[T]he words 'court appointed

12   experts' in 28 U.S.C. § 1920(6) refer only to expert witnesses, and that the language does not

13   include masters.").

14          Plaintiff's argument under Local Rule 292(f)(11) fails for the same reason.  Local Rule

15   292(f)(11) provides that "[o]ther items allowed . . . by the Court in the interest of justice" are

16   taxable.  *Id.*  However, as noted, the Court is restrained in the costs it taxes in this case by section

17   1920, which does not provide for the cost of a mediator or master.  Plaintiff cannot rely on Local

18   Rule 292(f)(11) for the imposition of costs not authorized by section 1920 or other statutory

19   authority.  *See Rimini St.*, 586 U.S. at 340 (§ 1920 "define[s] the full extent of a federal court's

20   power to shift litigation costs absent express statutory authority to go further").  Plaintiff fails to

21   identify any such statutory authority for the taxation of the mediation costs.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**IV.    CONCLUSION**

      For the foregoing reasons, plaintiff's request for costs, Doc. 101, is granted in part and denied in part.  Specifically, plaintiff's request for the taxation of mediation costs is denied. Plaintiffs' remaining requests for costs, to which defendant did not object, are granted.  The Clerk of the Court is directed to tax and enter costs consistent with this Order.

IT IS SO ORDERED.

    Dated:   December 2, 2024

_____
UNITED STATES DISTRICT JUDGE